UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :    CHAPTER 7
                                          :
HOWARD HEATH YOUNG                        :    CASE NO. 24-56749-pwb
LAUREN KATHRYN YOUNG,                     :
                                          :
        Debtor                            :
                                          :
_____          :
                                          :
S. GREGORY HAYS,                          :
as Chapter 7 Trustee,                     :    ADVERSARY PROCEEDING
                                          :    NO. _____
        Plaintiff,                        :
                                          :
v.                                        :
                                          :
                                          :
THE FIRST BANK, PEACHTREE                 :
CORNERS PROPERTY, LLC                     :
RH&A, LLC d/b/a RELIABLE HEATING          :
& AIR,                                    :
                                          :
        Defendants                        :
_____          :

**COMPLAINT TO (1) AVOID SECURED INTERESTS
AND GRANT RELATED RELIEF, AND
(2) DETERMINE VALIDITY, PRIORITY, OR EXTENT OF LIENS**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the

bankruptcy estate of Howard Heath Young and Lauren Kathryn Young ("Debtors"), by and

through undersigned counsel, and files this *Complaint to (1) Avoid Secured Interests and Grant*

*Related Relief, and (2) Determine Validity, Priority, or Extent of Liens* (the "Complaint"),

respectfully showing as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O), and Trustee consents to entry of final orders or judgments by this Court.

3. Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Howard Heath Young and Lauren Kathryn Young pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No.24-56749-pwb.

**Background and Parties**

4. Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 28, 2024 (the "Petition Date").

5. The 341 meeting of creditors was concluded on July 29, 2024, at which point S. Gregory Hays became the permanent Chapter 7 Trustee for the bankruptcy estate of Debtors pursuant to 11 U.S.C. § 702.

6. Defendant The First Bank ("TFB"), is a Mississippi State Chartered Bank that is subject to the jurisdiction and venue of this Court, and may be served pursuant to Fed. R. Bankr. P. Rule 7004. Service of this Complaint may be made upon TFB via (i) its Registered Agent, Corporation Creations Network, Inc., 801 US Highway 1, North Palm Beach, FL 33408, and (ii) its CFO Donna T. Lowry, 6480 US Hwy 98 West, Hattiesburg, MS 39402, with a copy to (iii) its counsel, Thomas E. Austin, Jr,. LLC, 2451 Cumberland Parkway, SE, Suite 3504, Atlanta, GA 30339.

7. Defendant Peachtree Corners Property, LLC ("Peachtree"). is subject to the jurisdiction and venue of this Court, and may be served pursuant to Fed. R. Bankr. P. Rule 7004. Service of this Complaint may be made upon Peachtree via its Registered Agent, Registered Agents, Inc., 8735 Dunwoody Place, Suite R, Atlanta, GA 30350, with a copy to its counsel,

Hartman Simons & Wood, Todd H. Surden, Suite 600, 4000 Interstate North Parkway, SE, Atlanta, GA 30339

8.      Defendant RH&A, LLC d/b/a Reliable Heating & Air ("RH&A") is subject to the jurisdiction and venue of this Court, and may be served pursuant to Fed. R. Bankr. P. Rule 7004. Service of this Complaint may be made upon RH&A via (i) its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046, or (ii) its CFO, David Clark, 1305 Chastain Rd., NW, Suite 500, Kennesaw, GA 30144.

**Facts**

9.      Debtor Howard Heath Young acquired property with the common address of 2015 Forest Glen Drive, Braselton, GA 30517 (the "Property") on or about August 1, 2019, pursuant to a Limited Warranty Deed from Wendy J. Burns f/k/a Wendy B. Metcalf recorded at Deed Book 56775, Page 00312, Gwinnett County records. On or about the same time, Debtor Howard Heath Young transferred the Property to Debtors as joint tenants with the right of survivorship pursuant to a Limited Warranty Deed recorded at Deed Book 56775, Page 00330, Gwinnett County Records.

10.     Prior to the Petition Date, Debtors entered into a security deed purporting to grant TFB a secured interest in the Property to secure a guaranty of a debt to TechMonk, LLC, in the principal amount of $1,800,000.00 (the "Security Deed").

11.     The Security Deed was recorded in the real property records of Gwinnett County, Georgia, Deed Book 60291, Page 310, on November 3, 2022. The Security Deed was not attested to by an officer as provided in O.C.G.A. § 44-2-15. The Security Deed does not evidence on its face that there was an attestation of the execution of the Security Deed by an official witness.

3

12.     On April 11, 2024, Peachtree obtained a judgment against TechMonk, LLC, and Debtor Howard Young in the State Court of Gwinnett County in the amount of $64,662.02 (the "Judgment"). On May 24, 2024, the State Court of Gwinnett County issued a Writ of Fi. Fa. recorded at Lien Book 06487, Page 186, Gwinnett County records (the "Fi. Fa.).

13.     RH&A filed in the Gwinnett County records four separate UCC-1 financing statements listing Debtor Howard Young as the debtor: (i) Deed Book 60848, Page 198, recorded October 5, 2023, identifying "HVAC" as the collateral ("HVAC #1"), (ii) Deed Book 60848, Page 200, recorded October 5, 2023, identifying "HVAC" as the collateral ("HVAC #2), (iii) Deed Book 60848, Page 313, recorded October 5, 2023, identifying "WH" as the collateral ("WH #1), and (iv) Deed Book 60848, Page 315, recorded October 5, 2023, identifying "WH" as the collateral("WH#2") (collectively, the "UCC Filings").

14.     Pursuant to the *Order Approving Sale of Real Property Located at 2015 Forest Glen Drive, Braselton, Gwinnett County, GA 30517 Free and Clear of Liens, Claims, Encumbrances and Interests;(2) Authorizing Use of Estate Funds; and (3) Granting Attendant Relief* (the "Sale Order")(Doc. No. 45) entered on January 21, 2025, the Property has been sold, with the net proceeds (after prorations, costs of sale, and payments of allowed secured claims) totaling $175,835.14 (the "Net Proceeds") being held by Trustee.

15.     The Sale Order provided that all rights, interests, and claims of TFB, Peachtree, and RH&A attach to the Net Proceeds in the same priority and to the same extent such rights, claims, and interests existed as of the Petition Date, subject to any rights of Trustee to dispute the validity, priority, and perfection of such rights, claims, and interests.

4

**COUNT I**
**(Avoidance of Interests of The First Bank in the Property)**

16.   Trustee re-alleges and incorporates the allegations of paragraphs 1 through 15 above as though fully set forth herein.

17.   The Security Deed was not eligible for recordation in accordance with O.C.G.A. § 44-14-61 because it was not attested by an officer as provided in O.C.G.A. § 44-2-15.

18.   In his position as Trustee and hypothetical bona fide purchaser of real property pursuant to 11 U.S.C. § 544(a)(3), as of the Petition Date Trustee has a claim in and to the Property superior to any secured claim of TFB.

19.   Trustee is entitled to avoid any transfer to TFB resulting or arising from: the grant of a property interest under the Security Deed; the execution and delivery of the Security Deed; or the purported recordation of the Security Deed. Trustee will reference these transfers collectively as the "TFB Transfers" or any one of them as a "TFB Transfer."

20.   Because the Security Deed was not eligible for recordation in accordance with O.C.G.A. § 44-14-61, it provides no notice to Trustee in his role as a hypothetical bona fide purchaser.

21.   Accordingly, the TFB Transfers are avoidable pursuant to 11 U.S.C. §547(b).

22.   The TFB Transfers and each TFB Transfer granting any secured interest in the Property to TFB, as well as any lien arising from or on account of the TFB Transfers or a TFB Transfer, are avoidable by Trustee under 11 U.S.C. § 544.

23.   11 U.S.C. § 551 provides that any transfer avoided under 11 U.S.C. § 544 is automatically preserved for the benefit of the bankruptcy estate.

5

24. Accordingly, Trustee is entitled to avoid TFB's secured interest in and to the Property under 11 U.S.C. § 544(a)(3), and that secured interest is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

25. The initial transferee of the TFB Transfers was TFB.

26. Pursuant to 11 U.S.C. § 550, Trustee is entitled to recover from TFB the property that is the subject to the TFB Transfers, or the value of such property.

27. Accordingly, Trustee is entitled to recover from the Net Proceeds the portion of the Net Proceeds to which the liens, claims, and interests of TFB would have attached had the TFB Transfers not been avoided.

## COUNT II
### (Avoidance of Interests of Peachtree Corners Property, LLC, in the Property)

28. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 27 above as though fully set forth herein.

29. The lien of the Judgment was created as to the Residence on May 24, 2024, when the Fi. Fa. was recorded in the Gwinnett County records. See, O. C. G. A. § 9-12-86.

30. The creation of a lien is a transfer under the Bankruptcy Code. 11 U.S.C. § 101(54).

31. Trustee is entitled to avoid any transfer to Peachtree resulting or arising from the Judgment or recording of the Fi. Fa. Trustee will reference these transfers collectively as the "Peachtree Transfers" or any one of them as a "Peachtree Transfer."

32. The Peachtree Transfers occurred within ninety (90) days prior to the Petition Date.

33. The Peachtree Transfers and each Peachtree Transfer was a transfer of an interest of Debtor Howard Young in property within the meaning of 11 U.S.C. §§ 101(54) and 547(b).

34. The Peachtree Transfers and each Peachtree Transfer was made to or for the benefit of Peachtree, which was a creditor of Debtor Howard Young.

35. The Peachtree Transfers and each Peachtree Transfer represents payment on account of an antecedent debt owed to Defendant by Debtor.

36. The Peachtree Transfers and each Peachtree Transfer were made while Debtor was insolvent.

37. The Peachtree Transfers and each Peachtree Transfer enabled Peachtree to receive more than Peachtree would receive if (i) the case was a case under Chapter 7, (ii) the recording of the Fi. Fa. and creation of the lien of the Judgment had not been made, and (iii) Peachtree received payment of its debt to the extent provided by Title 11.

38. Trustee has exercised due diligence in the circumstances of the case and taken into account known or reasonably known affirmative defenses.

39. Accordingly, The Peachtree Transfers are avoidable pursuant to 11 U.S.C. §547(b).

40. The Peachtree Transfers and each Peachtree Transfer granting any secured interest in the Property to Peachtree as well as any lien arising from or on account of the Peachtree Transfers or a Peachtree Transfer, are avoidable by Trustee under 11 U.S.C. § 547(b).

41. 11 U.S.C. § 551 provides that any transfer avoided under 11 U.S.C. § 544 is automatically preserved for the benefit of the bankruptcy estate.

42. Accordingly, Trustee is entitled to avoid Peachtree's secured interest in and to the Property under 11 U.S.C. § 547(b), and that secured interest is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

43. The initial transferee of the Peachtree Transfers was Peachtree.

7

44.     Pursuant to 11 U.S.C. § 550, Trustee is entitled to recover from Peachtree the property that is the subject of the Peachtree Transfers, or the value of such property.

45.     Accordingly, Trustee is entitled to recover from the Net Proceeds the portion of the Net Proceeds to which the liens, claims, and interests of Peachtree would have attached had the Peachtree Transfers not been avoided.

## COUNT III
### (Avoidance of Interests of RH&A, LLC d/b/a Reliable Heating & Air in the Property)

46.     Trustee re-alleges and incorporates the allegations of paragraphs 1 through 45 above as though fully set forth herein.

47.     HVAC#1 was the subject of an *Equipment Rental Agreement* dated March 18, 2020, providing for 96 rental payments in the amount of $179.98 each, for a total of $17,278.08 (the "HVAC#1 Agreement").

48.     HVAC#2 was the subject of an *Equipment Rental Agreement* dated April 9, 2020, providing for 96 rental payments in the amount of $49.99 each, for a total of $4,799.04 (the "HVAC#2 Agreement").

49.     WH#1 was the subject of an *Equipment Rental Agreement* dated March 18, 2020, providing for rental payments totaling $2,134.08 (the "WH#1 Agreement").

50.     WH#2 was the subject of an *Equipment Rental Agreement* dated March 18, 2020, providing for rental payments totaling $2,134.08 (the "WH#2 Agreement").

51.     Collectively, the HVAC#1 Agreement, HVAC#2 Agreement, WH#1 Agreement, and WH#2 Agreement are referred to as "RH&A Agreements."

52.     The RHA Agreements are not true leases, but rather disguised financing agreements.

8

53.     The RHA Agreements do not grant a security interest in favor of RH&A, and therefore the RHA Agreement are not security agreements governed by O. C. G. A. §§ 11-9-101 *et seq.*

54.     The purported collateral under the RH&A Agreements are consumer goods as defined in O.C.G.A. § 11-9-102. With respect to the HVAC#2 Agreement, the WH#1 Agreement, and the WH#2 Agreements, the amounts financed are less than $5,000.00, and the UCC Filings do not give a maturity date or specify that the obligations are not subject to a maturity date as required by O.C.G.A. § 11-9-502(a)(4).

55.     The UCC Filings do not provide a description of the real property to which the collateral is related sufficient to give constructive notice as required by O.C.G.A. § 11-9-502(b)(3).

56.     Even if the RH&A Agreements constituted security agreements, in his position as Trustee and hypothetical judicial lien creditor pursuant to 11 U.S.C. § 544(a)(1), as of the Petition Date Trustee has a claim in and to the Property superior to any secured claim of RH&A.

57.     Trustee is entitled to avoid any transfer to RH&A under the RH&A Agreements. Trustee will reference these transfers collectively as the "RH&A Transfers" or any one of them as a "RH&A Transfer."

58.     The RH&A Transfers and each RH&A Transfer was a transfer of an interest of Debtor Howard Young in property within the meaning of 11 U.S.C. §§ 101(54) and 544(a).

59.     Trustee is entitled to entry of an order and judgment avoiding the RH&A Transfers.

60.     11 U.S.C. § 551 provides that any transfer avoided under 11 U.S.C. § 544 is automatically preserved for the benefit of the bankruptcy estate.

9

61.     The RH&A Transfers are transfers voidable by Trustee under 11 U.S.C. § 544(a)(1).

62.     Accordingly, Trustee is entitled to avoid RH&A's secured interest in and to the Property under 11 U.S.C. § 544(a)(1), and that secured interest is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

63.     The initial transferee of the RH&A Transfers was RH&A.

64.     Pursuant to 11 U.S.C. § 550, Trustee is entitled to recover from RH&A the property that is the subject of the RH&A Transfers, or the value of such property.

65.     Accordingly, Trustee is entitled to recover from the Net Proceeds the portion of the Net Proceeds to which the liens, claims, and interests of RH&A would have attached had the RH&A Transfers not been avoided.

**Count IV**
**(Determination of Validity, Extent, and Priority of Secured Interests)**

66.     Trustee re-alleges and incorporates the allegations of paragraphs 1 through 65 above as though fully set forth herein.

67.     The purported secured interests of Peachtree and RH&A only attach, if at all, to the Net Proceeds attributable to Debtor Howard Young's interest in the Property.

68.     The purported secured interests of TFB in the Property have priority over the purported secured interests of Peachtree and RH&A.

69.     There was no value to the Property in excess of the purported secured interests of TFB in the Property. Pursuant to 11 U.S.C. § 506(a), there is no value in the Property to which any purported lien asserted by Peachtree and RH&A can attach.

70.     Pursuant to 11 U.S.C. § 506(d), any purported lien asserted by Peachtree and RH&A is void.

10

WHEREFORE, Trustee respectfully requests that this Court enter an order and judgment:

(i)       avoiding the TFB Transfers;

(ii)      avoiding the Peachtree Transfers;

(iii)     avoiding the RH&A Transfers;

(iv)     preserving all avoided transfers for the benefit of the estate,

(v)      entitling Trustee to recover from TFB the property that is the subject of the TFB Transfers or the value of such property;

(vi)     entitling Trustee to recover from Peachtree the property that is the subject of the Peachtree Transfers or the value of such property;

(vii)    entitling Trustee to recover from RH&A the property that is the subject of the RH&A Transfers;

(viii)   entitling Trustee to recover from the Net Proceeds the portion of the Net Proceeds to which the liens, claims, and interests of TFB, Peachtree, and RH&A would have attached had the TFB Transfers, Peachtree Transfers, and RH&A Transfers not been avoided; and

(ix)     granting such other and further relief as this Court deems just and equitable.

Dated: April 21, 2026

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By:  */s/ G. Frank Nason, IV*
    G. Frank Nason, IV
    Georgia Bar No. 535160
    fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373