UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HOWARD HEATH YOUNG<br>LAUREN KATHRYN YOUNG, | :<br>: | CASE NO. 24-56749-pwb |
| | : | |
| Debtor | : | |
| | : | |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH RENASANT BANK F/K/A THE FIRST BANK**

S. Gregory Hays, as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Howard Heath Young and Lauren Kathryn Young (Debtors"), moves pursuant to Fed. R. Bankr. P. 9019 for an order approving the Settlement Agreement described below (the "Settlement Agreement"), between Trustee and Renasant Bank f/k/a The First Bank ("Renasant"), showing as follows:

**Jurisdiction, Venue, and Statutory Predicate**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). This Motion concerns the resolution of a pending adversary proceeding seeking avoidance of transfers, and as such is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

2. The statutory predicate for the relief requested herein is Fed. R. Bankr. P. 9019(a).

**Background**

3. Debtors filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 28, 2024 (the "Petition Date").

4. The meeting of creditors was concluded on July 29, 2024. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d)

5. Debtor Howard Heath Young acquired property with the common address of 2015 Forest Glen Drive, Braselton, GA 30517 (the "Property") on or about August 1, 2019, pursuant to a Limited Warranty Deed from Wendy J. Burns f/k/a Wendy B. Metcalf recorded at Deed Book 56775, Page 00312, Gwinnett County records. On or about the same time, Debtor Howard Heath Young transferred the Property to Debtors as joint tenants with the right of survivorship pursuant to a Limited Warranty Deed recorded at Deed Book 56775, Page 00330, Gwinnett County Records.

6. Prior to the Petition Date, Debtors entered into a security deed purporting to grant The First Bank ("TFB") a secured interest in the Property to secure a guaranty of a debt to TechMonk, LLC, in the principal amount of $1,800,000.00 (the "Security Deed").

7. Trustee believed the Security Deed in favor of The First Bank ("TBF") recorded at Deed Book 60291, Page 00310, Gwinnett County Records, was improperly attested and subject to avoidance. TBF filed a Proof of Claim, Claim No. 13, as an unsecured claim in the amount of $1,800,000.

8. Pursuant to the *Order Approving Sale of Real Property Located at 2015 Forest Glen Drive, Braselton, Gwinnett County, GA 30517 Free and Clear of Liens, Claims, Encumbrances and Interests;(2) Authorizing Use of Estate Funds; and (3) Granting Attendant Relief* (the "Sale Order")(Doc. No. 45) entered on January 21, 2025, the Property has been sold, with the net proceeds (after prorations, costs of sale, and payments of allowed secured claims) totaling $175,835.14 (the "Net Proceeds") being held by Trustee.

9. The Sale Order provided that all rights, interests, and claims of TFB attach to the Net Proceeds in the same priority and to the same extent such rights, claims, and interests existed as of the Petition Date, subject to any rights of Trustee to dispute the validity, priority, and perfection of such rights, claims, and interests.

10. On April 1, 2025, Renasant completed its merger with First Bancshares, Inc., the parent company of TFB. According to Renasant's statements about the merger, full integration of TFB's operations into Renasant was expected to be completed by August 2025.

11. On April 21, 2026, Trustee filed his *Complaint to (1) Avoid Secured Interests and Grant Related Relief, and (2) Determine Validity, Priority, or Extent of Liens* (the "Complaint") against, among others, TFB seeking, among other things, to avoid the transfer to TFB resulting or arising from Debtors' grant of a property interest under the Security Deed.

12. The filing of the Complaint initiated Adversary Proceeding No. 26-05088-pwb (the "Adversary Proceeding").

13. On May 21, 2026, Renasant filed its Answer to the Complaint.

14. Trustee and Renasant negotiated and reached an agreement (the "Settlement") to settle Count I of the Adversary Proceeding and resolve all claims between them. Under the Settlement, upon Court approval, Trustee will upload in the Adversary Proceeding a consent order and judgment avoiding the Security Deed's grant of a secured interest in the Property, and Claim No. 13 will be allowed as a general unsecured claim in the amount of $1,800.000.00. The Settlement is incorporated into the Settlement Agreement, a copy of which is attached hereto.

**Relief Requested**

15. By this Motion, Trustee seeks entry of an order approving the Settlement Agreement.

**Basis for Relief**

16. Fed. R. Bankr. P. 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The decision whether to approve a compromise lies within the sound discretion of this Court. *See Nellis v. Shugrue*, 165

B.R. 115, 123 (S.D.N.Y. 1994). The Eleventh Circuit considers four factors in evaluating settlement agreements: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Superior Homes & Invs., LLC*, 12-15451, 521 F. App'x 895, 899 (11th Cir. 2013) (citing *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II)*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990)); *In re Chira*, 567 F.3d 1307, 1312 (11th Cir. 2009) (Courts consider these factors to determine "the fairness, reasonableness and adequacy of a proposed settlement agreement.").

17. In this case, the Settlement resolves Count I of the Adversary Proceeding without additional cost and expense, avoids delay, and maximizes recovery for creditors. Accordingly, in his business judgment, Trustee believes that the Settlement is in the best interests of the estate and creditors.

WHEREFORE, Trustee respectfully requests that the Court approve the Settlement embodied in the Settlement Agreement and grant such other and further relief as is just and proper.

Dated: October 19, 2026

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Counsel for Trustee*

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373 (phone)
(404) 262-9911 (facsimile)

# SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of September___, 2026 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of Howard Heath Young and Lauren Kathryn Young ("**Debtors**"), and Renasant Bank f/k/a The First Bank ("**Renasant**").

## Background

1. On June 28, 2024 (the "**Petition Date**"), Debtors filed their voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 24-56749-pwb (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

3. Prior to the Petition Date, Debtor Howard Heath Young acquired property with the common address of 2015 Forest Glen Drive, Braselton, GA 30517 (the "**Property**"), pursuant to a Limited Warranty Deed from Wendy J. Burns f/k/a Wendy B. Metcalf recorded at Deed Book 56775, Page 00312, Gwinnett County records. On or about the same time, Debtor Howard Heath Young transferred the Property to Debtors as joint tenants with the right of survivorship pursuant to a Limited Warranty Deed recorded at Deed Book 56775, Page 00330, Gwinnett County Records.

4. Prior to the Petition Date, Debtors entered into a security deed purporting to grant The First Bank ("**TFB**") a secured interest in the Property to secure a guaranty of a debt to TechMonk, LLC, in the principal amount of $1,800,000.00 (the "**Security Deed**").

5. The Security Deed was recorded in the real property records of Gwinnett County, Georgia, Deed Book 60291, Page 310, on November 3, 2022. The Security Deed was not attested to by an officer as provided in O.C.G.A. § 44-2-15. The Security Deed does not evidence on its face that there was an attestation of the execution of the Security Deed by an official witness.

6. On September 19, 2024, TFB filed Proof of Claim 13 (the "**Claim No. 13**") as an unsecured claim in the amount of $1,800,000.00.

7. Pursuant to the *Order Approving Sale of Real Property Located at 2015 Forest Glen Drive, Braselton, Gwinnett County, GA 30517 Free and Clear of Liens, Claims, Encumbrances and Interests;(2) Authorizing Use of Estate Funds; and (3) Granting Attendant Relief* (the "**Sale Order**")(Doc. No. 45) entered on January 21, 2025, the Property has been sold, with the net proceeds (after prorations, costs of sale, and payments of allowed secured claims) totaling $175,835.14 (the "**Net Proceeds**")

being held by Trustee.

8. The Sale Order provided that all rights, interests, and claims of TFB attach to the Net Proceeds in the same priority and to the same extent such rights, claims, and interests existed as of the Petition Date, subject to any rights of Trustee to dispute the validity, priority, and perfection of such rights, claims, and interests.

9. On April 1, 2025, Renasant completed its merger with First Bancshares, Inc., the parent company of TFB. According to Renasant's statements about the merger, full integration of TFB's operations into Renasant was expected to be completed by August 2025.

10. On April 21, 2026, Trustee filed his *Complaint to (1) Avoid Secured Interests and Grant Related Relief, and (2) Determine Validity, Priority, or Extent of Liens* (the "**Complaint**") against, among others, TFB seeking, among other things, to avoid the transfer to TFB resulting or arising from Debtors' grant of a property interest under the Security Deed.

11. The filing of the Complaint initiated Adversary Proceeding No. 26-05088-pwb (the "**Adversary Proceeding**").

12. On May 21, 2026, Renasant filed its Answer to the Complaint.

13. Trustee and Renasant negotiated and reached an agreement to settle Count I of the Adversary Proceeding and resolve all claims between them.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Settlement and Resolution of the Adversary Proceeding.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes related to the Property as follows:

   2.1. *Approval of Proposed Settlement.* Within five (5) days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

   2.2. *Consent Order and Judgment.* No later than five (5) days after the Settlement Approval Order becoming a final order, Trustee shall upload in the Adversary Proceeding the Consent Order attached as Exhibit "A," avoiding the grant of a secured interest in the Property and granting related relief, and the Consent Judgment attached as Exhibit "B."

For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.3. *Release of Claims.* This Settlement Agreement shall operate to release, waive, discharge, satisfy, and extinguish any and all claim that the Parties may have against each, except as provided in Paragraph 2.4 below.

2.4. *Allowance of Claim 13.* The Parties stipulate and agree that Claim 13 shall be allowed as a general, nonpriority unsecured claim in the amount of $1,800,000.00 (the "**Allowed Claim**"). The Parties further stipulate that Renasant shall have no other or remaining claim against the Estate, and Renasant's recovery from the Estate shall be limited solely to its dividend on account of the Allowed Claim.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Renasant and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Renasant but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in counterparts, and may be executed by and through images of manually executed signatures transmitted by facsimile or other electronic format (including, without limitation, “pdf”, “tif” or “jpg”) and other electronic signatures (including, without limitation, DocuSign and AdobeSign). The use of electronic signatures and electronic records shall be of the same legal effect, validity and enforceability as a manually executed signature and as so executed shall constitute one agreement.

8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

10. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11. **Restoration**. In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

12. **Parties to Bear Own Costs**. Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney’s fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

13. **Time is of the Essence.** Time is of the essence in this Agreement.

**Signatures on Next Page**

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

| | |
|---|---|
| **TRUSTEE** | **RENASANT BANK** |
| ______________________ | By: ______________________ |
| S. Gregory Hays, as and only as Chapter 7 Trustee for the bankruptcy estate of Howard Heath Young and Lauren Kathryn Young (Case No. 24-56749-pwb) | Name: Morgan Miller<br>Its: Workout Officer |
| Dated: 10-12-2026 | Dated: 9/28/26 |

**EXHIBIT "A"**

**(Consent Order)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| HOWARD HEATH YOUNG<br>LAUREN KATHRYN YOUNG,<br><br>Debtors | CHAPTER 7<br><br>CASE NO. 24-56749-pwb |
| S. GREGORY HAYS,<br>as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>THE FIRST BANK, et al,<br><br>Defendants | ADVERSARY PROCEEDING<br>NO. 26-05088-pwb |

**CONSENT ORDER**

The parties having entered into a Settlement Agreement resolving this Adversary Proceeding, said Settlement Agreement having been approved by the Court, and the parties having consented to the entry of this Order, it is

ORDERED that the transfer to Renasant Bank f/k/a/ The First Bank under the Security Deed recorded on November 3, 2022, at Deed Book 60291, Page 310, Gwinnett County records, is hereby avoided pursuant to 11 U.S.C. § 544(a)(3); and it is further

ORDERED that the interest avoided hereunder is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551; and it is further

ORDERED that Proof of Claim No. 13 is hereby allowed as a general nonpriority unsecured claim in the amount of $1,800,000.00.

Judgment in favor of Trustee will be entered by separate order.

[END OF DOCUMENT]

**Consented to by:**

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Plaintiff*

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
6000 Lake Forrest Drive NW
Suite 290
Atlanta, GA 30328
(404) 262-7373
fnason@lcenlaw.com

**Consented to by:**

THOMAS E. AUSTIN, JR., LLC
*Attorney for Renasant Bank*

By: /s/ *Thomas E. Austin, Jr.*
Thomas E. Austin, Jr.
Georgia Bar No. 028835
2451 Cumberland Parkway SE
Suite 3504
Atlanta, Georgia 30339
(404) 814-3755
taustin@taustinlaw.com

**Identification of parties to be served:**

S. Gregory Hays, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 6000 Lake Forrest Drive, NW, Suite 290, Atlanta, GA 30328

Thomas E. Austin Jr., LLC 2451 Cumberland Parkway SE, Suite 3504, Atlanta, Georgia 30339

**EXHIBIT "B"**

**(Consent Judgment)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HOWARD HEATH YOUNG | : | CHAPTER 7 |
| LAUREN KATHRYN YOUNG, | : | |
| | : | CASE NO. 24-56749-pwb |
| Debtors | : | |
| | : | |
| | : | |
| S. GREGORY HAYS, | : | |
| as Chapter 7 Trustee, | : | ADVERSARY PROCEEDING |
| | : | NO. 26-05088-pwb |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE FIRST BANK, et al, | : | |
| | : | |
| Defendants | : | |
| | : | |

**CONSENT JUDGMENT**

Pursuant to the Court's order entered contemporaneously, JUDGMENT IS ENTERED in favor of Plaintiff avoiding the transfer under the Security Deed recorded on November 3, 2022, at Deed Book 60291, Page 310, Gwinnett County records, preserving

such avoided transfer for the benefit of the estate, and allowing Proof of Claim No. 13 as a general nonpriority unsecured claim in the amount of $1,800,000.00.

[END OF DOCUMENT]

**Consented to by:**

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Plaintiff*

By: *<u>/s/ G. Frank Nason, IV</u>*
G. Frank Nason, IV
Georgia Bar No. 535160
6000 Lake Forrest Drive NW
Suite 435
Atlanta, GA 30328
(404) 262-7373
fnason@lcenlaw.com

**Consented to by:**

THOMAS E. AUSTIN, JR., LLC
*Attorney for Renasant Bank*

By: /s/ *Thomas E. Austin, Jr.*
Thomas E. Austin, Jr.
Georgia Bar No. 028835
2451 Cumberland Parkway SE
Suite 3504
Atlanta, Georgia 30339
(404) 814-3755
taustin@taustinlaw.com

**Identification of parties to be served:**

S. Gregory Hays, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 6000 Lake Forrest Drive, NW, Suite 290, Atlanta, GA 30328

Thomas E. Austin Jr., LLC 2451 Cumberland Parkway SE, Suite 3504, Atlanta, Georgia 30339

**Certificate of Service**

This is to certify that I have on this day electronically filed the foregoing *Motion for Approval of Compromise and Settlement with Renasant Bank f/k/a The First Bank* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

Dated: October 19, 2026

By: *_/s/ G. Frank Nason, IV_*
G. Frank Nason, IV
Georgia Bar No. 535160

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373 (phone)
(404) 262-9911 (facsimile)